

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JUSTIN SKINNER                                                                      PLAINTIFF

vs.                                                          CASE NO.: 3:16-cv-652 CWR-FKB

WOLF'S TOWING, LLC, and
JON DEWOLF, Individually                                                        DEFENDANTS

---

### VERIFIED COMPLAINT & DEMAND FOR JURY TRIAL

---

COMES NOW Plaintiff JUSTIN SKINNER (hereinafter referred to as "Plaintiff") by and through counsel of record, and filed this Complaint against his former employer, WOLF'S TOWING, LLC and JON DEWOLF, INDIVIDUALLY, (collectively referred to as "Defendants") for unpaid minimum wage compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA") and in support thereof states as follows:

### NATURE OF SUIT

1.  Congress passed the FLSA in 1938. The principal Congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages, oppressive working hours, and labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a Congressional recognition that failure to pay a statutory minimum on time may be so detrimental to the maintenance of a minimum standard of living necessary for health, efficiency, and general

well-being of workers and the free flow of commerce that double payment must be made in the event of delay in order to ensure the restoration of workers to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

2. This action is brought under the FLSA to recover from Defendants unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs, and any other relief this Court deems just and appropriate.

3. Additionally, Plaintiff seeks a declaration of rights pursuant to Fed.R.Civ.P. 57 and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §2201.

## JURISDICTION AND VENUE

4. Jurisdiction is proper as the claims are brought pursuant to the FLSA to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

5. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA, 29 U.S.C. §216(b).

6. Venue is proper in this Court because Plaintiff either worked for Defendants within this District during the relevant time period subject to this Complaint, Defendants maintained a business operation with the District, or because a substantial part of the events and/or omissions giving rise to the claims asserted herein arose in a substantial part within this District.

7. The Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

8. Plaintiff Justin Skinner was employed as a tow truck driver by Defendants and performed related activities for Defendants in and around Hinds County, Mississippi.

9. Defendant Wolf's Towing, LLC is a corporation that operates and conducts business in and around Madison County, Mississippi. It is headquartered at 107 Twin Oaks, Madison, Mississippi 39110.

10. Defendant Jon DeWolf is an individual who, upon information and belief, lives and resides in the State of Mississippi, and conducts business in and around Madison County, Mississippi.

11. At all times relevant to this action, Jon DeWolf, is an individual resident of the State of Tennessee, who owns and operates Wolf's Towing, LLC, and who regularly exercises the authority to: (a) hire and fire employees of Wolf's Towing, LLC; (b) determines the work schedules for the employees of Wolf's Towing, LLC; and (c) controls the finances and operations of Wolf's Towing, LLC; and, by virtue of having regularly exercised that authority on behalf of Wolf's Towing, LLC, Jon DeWolf is an employer as defined by 29 U.S.C. §201, *et seq.*

## COVERAGE

12. At all material times hereto, Plaintiff was an "employee" within the meaning of the FLSA.

13. At all material times hereto, Defendants were the "employer" of Plaintiff within the meaning of the FLSA.

3

14. At all material times hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

15. At all material times hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

16. At all material times hereto, Wolf's Towing, LLC was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

17. Based upon information and belief, Defendants earned gross revenues of at least Five Hundred Thousand and 0/100 dollars ($500,000.00) per annum at all material times hereto.

18. At all material times hereto, Defendants employed two (2) or more employees engaged in interstate commerce in that said enterprise has had two (2) or more employees engaged in commerce or in the production of goods for commerce, or employees handling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person such as office supplies, tools and equipment, etc.

19. At all material times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that they:

    a. Operated instrumentalities of commerce;

    b. Transported goods in commerce;

    c. Used channels of commerce;

    d. Communicated across state lines; and/or

    e. Performed work essential to any of the preceding activities.

20. At all material times hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

21. At all material times hereto, Defendants failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff for those hours worked within a workweek.

22. Defendants and its officers and agencies are responsible under the United States Constitution, federal law, and regulations for the establishment and administration of personnel, employment and compensation policies and practices and for applying to Plaintiff the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

23. Upon information and belief, a complete set of records, to the extent that any exist, concerning the number of hours worked by Plaintiff and amounts paid to Plaintiff are in the possession, custody and control of Defendants.

## FACTUAL ALLEGATIONS

24. Plaintiff reincorporates and readopts by reference the above paragraphs as fully set forth herein.

25. Defendants own and operate a company in the business of providing automobile towing services to its customers.

26. Defendants earned at or above Five Hundred Thousand and 0/100 dollars ($500,000.00) in annual gross sales or business during the relevant time period subject to Plaintiff's Complaint.

27. Plaintiff worked as a tow truck driver for Defendants.

28. Plaintiff worked for Defendants from approximately April 1, 2016 through May 3, 2016.

29. Defendants agreed to pay Plaintiff a rate of $650 per week for work performed by Plaintiff.

30. Plaintiff accepted this agreement and did work for Defendants.

31. During his employment with Defendants, Plaintiff performed work without any compensation whatsoever; therefore, he was not paid at least full minimum wage for all hours worked during one (1) or more workweeks. Specifically, Plaintiff was not paid his final paycheck(s).

32. At all times relevant to this action, Defendants have failed to comply with 29 U.S.C. §§201-209 because Plaintiff performed services for Defendants for which no provisions were made by Defendants to ensure that Plaintiff was paid his complete wages, or to ensure that Plaintiff was paid at least time and one half his regular rate of pay for all hours worked on behalf of the Defendants in excess of forty (40) within a workweek.

33. During his employment with Defendants, Plaintiff was not paid his complete wages for one (1) or more workweeks.

34. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

35. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay minimum wage compensation with respect to Plaintiff.

36. Defendants knowingly and willfully failed to fulfill its record keeping requirements with regard to Plaintiff under 29 C.F.R. 516.

37. Defendants failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

38. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

## COUNT I - RECOVERY OF MINIMUM WAGES (FEDERAL) AGAINST ALL DEFENDANTS

39. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-38 above.

40. Plaintiff is/was entitled to be paid minimum wage for each hour worked during his employment with Defendants.

41. During his employment with Defendants, Plaintiff worked multiple hours without compensation, and was therefore not paid at least full minimum wage for all hours worked during one or more workweeks.

42. Specifically, Plaintiff was not paid for hours worked during his final weeks of employment with Defendants.

43. Plaintiff has demanded proper compensation for one or more weeks of work with Defendants, but Defendants have refused and/or failed to compensate his for the same. As a result of Defendants' actions in this regard, Plaintiff has not been paid the minimum wage for each hour worked during one or more weeks of his employment with Defendants.

44. Defendants willfully failed to pay Plaintiff minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

45. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

46. Plaintiff demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a. Awarding Plaintiff minimum wage back pay;

    b. Awarding Plaintiff liquidated damages in an amount equal to the minimum wage award;

    c. Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    d. Awarding Plaintiff pre-judgment interest;

    e. Ordering any other further relief the Court deems just and proper.

### JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED, this the 23rd day of August, 2016.

                              Respectfully submitted,
                              JUSTIN SKINNER, PLAINTIFF

                              _____
                              CHRISTOPHER ESPY, ESQ.

        Christopher W. Espy, Esq. (MSB#: 102424)
        MORGAN & MORGAN, PLLC
        188 East Capitol Street, Suite 777
        Jackson, Mississippi 39236-3722
        Phone: 601-718-2087
        Fax:   601-718-2102
        Email: cespy@forthepeople.com

        ATTORNEY FOR PLAINTIFF

I, JUSTIN SKINNER, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746 that the factual allegations in this Complaint are true and correct based on my personal knowledge.

Date: 08/18/16

_____
Justin Skinner, Plaintiff

9